**RECEIVED**
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 12/7/10
BY _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

PATRICK RENISON JOHN                    DOCKET NO. 10-CV-1505; SEC. P
      #19025-018

VERSUS                                  JUDGE DEE D. DRELL

MARIA MEDINA                            MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Pro se petitioner Patrick Renison John filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on September 27, 2010. His filing fee was paid on October 5, 2010. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at the Federal Correctional Institution at Pollock, Louisiana. Petitioner attacks the 1997 sentence imposed on him in the United States District Court for the Middle District of Florida.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DENIED AND DISMISSED.**

### *Background*

Petitioner was indicted on or about September 5, 1995, on four counts of drug charges. After trial by jury, Petitioner was convicted of counts 1, 2, and 4, and acquitted on count three of the indictment. He was sentenced to 262 months of imprisonment on

the counts, concurrent, with 120 months of supervised release. [See Docket #8:95-cr-237 (MDFL 1995)]. Petitioner appealed his conviction, and the case was remanded for re-sentencing. Petitioner was re-sentenced to the same term of imprisonment and the term of supervised release changed to 60 months. Petitioner again appealed, but this time the appellate court affirmed.

On May 8, 2000, Petitioner filed a Motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255. [See Docket #8:95-cr-237 (MDFL1995), Doc. #271]  The motion was stayed but finally denied on March 11, 2004. [Id. Doc. #431] Petitioner filed a motion for certificate of appealability, which was denied by the appellate court. [Id. Doc. #456] On September 25, 2008, Petitioner filed a motion to reduce sentence. [Id. Doc. #484] The motion was denied on October 30, 2008. [Id. Doc. #488] Petitioner's appeal was dismissed for want of prosecution for failing to pay filing fees. Another appeal by Petitioner was dismissed for lack of jurisdiction and as untimely. [Id. Doc. #496]

On August 11, 2010, Petitioner filed an "Emergency Application for Leave to File Successive Motion to Vacate Sentence." The Eleventh Circuit Court of Appeal denied the motion on September 8, 2010. Thereafter, Petitioner filed the instant petition under 28 U.S.C. §2241.

### Law and Analysis

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is

executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Petitioner seeks to collaterally attack his sentence. Thus, Petitioner's claim is more appropriately raised in a §2255 motion to vacate. Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the §2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to §2241 if the §2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. See Reyes-Requena, 243 F.3d at 904. Such petitioner bears the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). **The fact**

3

**that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective.**  See Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first motion to vacate.  In short, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the "savings clause".  Therefore, the instant petition for writ of habeas corpus must be dismissed for lack of jurisdiction.  See Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED**.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual**

4

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ____ day of December, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE